**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Lenora Peay, Appellant,

v.

Gerald Alexander, Respondent.

Appellate Case No. 2016-001738

Appeal From Fairfield County
W. Thomas Sprott, Jr., Family Court Judge

Unpublished Opinion No. 2019-UP-316
Heard March 14, 2019 – Filed September 11, 2019

**AFFIRMED**

April Dawn Porter, of Law Office of April D. Porter, P.C., of Chester, for Appellant.

George W. Speedy, of Speedy, Tanner, Atkinson & Cook, LLC, of Camden; and Katherine Carruth Goode, of Winnsboro, for Respondent.

**PER CURIAM:** Lenora Peay appeals the family court's order arguing the family court erred by (1) failing to find she was entitled to a rebuttable presumption a common-law marriage existed between her and Gerald Alexander, (2) finding

Alexander presented evidence to rebut such presumption, and (3) concluding no common-law marriage existed between them. We affirm.

1. As to whether the family court erred in failing to find Peay was entitled to a rebuttal presumption of common-law marriage, we conclude Peay did not allege facts sufficient that, even if unrebutted, would establish a common-law marriage. *See Barker v. Baker*, 330 S.C. 361, 368-69, 499 S.E.2d 503, 507 (Ct. App. 1998) ("[I]f a party claiming a common-law marriage presents proof of apparently matrimonial cohabitation and long-term social acceptance of the couple as married, a presumption arises that the couple entered into a common-law marriage, notwithstanding the absence of any proof of an express agreement to enter into a common-law marriage."), *abrogated by Stone v. Thompson*, Op. No. 27908 (S.C. Sup. Ct. filed July 24, 2019) (Shearouse Adv. Sh. No. 30 at 94)[1]; *id.* at 369, 499 S.E.2d at 507 ("The presumption, however, in no way lessens the claimant's burden of proving a common-law marriage by the preponderance of the evidence."); *id.* ("[T]he presumption simply *designates the facts that, if proven* to the satisfaction of the fact-finder, *will be sufficient to establish a common-law marriage* unless properly rebutted." (emphases added)).[2]

2. As to whether the family court erred in finding no common-law marriage existed between Peay and Alexander, we conclude the family court did not err in finding Peay did not establish the requisite intent by a preponderance of the evidence. *See Johnson v. Johnson*, 235 S.C. 542, 550, 112 S.E.2d 647, 651 (1960) ("It is essential to a common-law marriage that there shall be a mutual agreement between the parties to assume toward each other the relation of husband and wife. Cohabitation without such an agreement does not constitute marriage."); *Stone* (Shearouse Adv. Sh. No. 30 at 100) ("The key element in discerning whether parties are common-law married is mutual assent: each party must intend to be

---

[1] *Stone* prospectively abolishes the doctrine of common-law marriage and, in cases commenced after the filing of the opinion, eliminates the rebuttable presumption of common-law marriage and heightens the required standard of proof from a preponderance of the evidence to clear and convincing. *Stone v. Thompson*, Op. No. 27908 (S.C. Sup. Ct. filed July 24, 2019) (Shearouse Adv. Sh. No. 30 at 95).
[2] Because we conclude Peay did not set forth facts sufficient to entitle her to the rebuttal presumption of common-law marriage, we need not analyze whether Alexander successfully rebutted those facts. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an "appellate court need not address remaining issues when disposition of prior issue is dispositive").

married to the other and understand the other's intent."); *id*. ("Some factors to which courts have looked to discern the parties' intent include tax returns, documents filed under penalty of perjury, introductions in public, contracts, and checking accounts."); *id*. at 106 (disapproving of "false statements [made] in pursuit of a financial benefit" but concluding mortgage documents showing parties as married in order to bolster application did not evidence the necessary intent to prove common-law marriage); *id*. at 104 ("Even under de novo review, the longstanding principles that trial judges are in superior positions to assess witness credibility and that appellants must show the trial judge erred by ruling against the preponderance of the evidence remain applicable.").

**AFFIRMED.**

**HUFF, THOMAS, and KONDUROS, JJ., concur.**